IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. RAYMOND P. KLOEPPER, II, | ) CASE NO. 1:11CV02527 |
| Plaintiffs | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| EQUITY TRUST COMPANY, | ) **DEFENDANT EQUITY TRUST COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE** |
| Defendant. | ) |

## I. INTRODUCTION

This action must be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b). As explained in detail below, Plaintiff, Dr. Raymond P. Kloepper, II ("Dr. Kloepper") agreed in writing—on thirty separate occasions—that any suit he brought against Defendant Equity Trust Company ("Equity") would have to be brought in the county courts of Lorain County, Ohio. Equity now moves to enforce Dr. Kloepper's express written agreement to litigate in Lorain County, and to dismiss this suit for improper venue pursuant to Fed. R. Civ. P. 12(b).

## II. STATEMENT OF FACTS

On November 21, 2011, Dr. Kloepper filed the present lawsuit in this Court against Equity, whose business it is to serve as a passive custodian of self-directed Individual Retirement Accounts ("IRAs"). Equity is a South Dakota trust company with its principal place of business in Lorain County, Ohio. Equity's business consists of holding funds and other assets

in its customers' IRAs and performing the ministerial actions necessary to invest those funds pursuant to the customers' express direction.  Equity makes no investments except as instructed by its customers, and it does not offer investment advice.  See Declaration of Jeffery Bartlett ("Bartlett Dec.") at ¶3 (attached as Exhibit 1).

Dr. Kloepper is a retired anesthesiologist and a resident of Florida.  Compl. ¶¶3, 6.  In 2005, Dr. Kloepper, turning age 60, decided to invest in certain real estate-related investment opportunities offered to him by Financial Resources Mortgage, Inc. ("FRM").  *See id.* ¶¶ 8, 13.  In order to do so, Dr. Kloepper opened a self-directed IRA with Equity in 2006.  *Id.* at ¶12.

Dr. Kloepper's self-directed IRA with Equity is governed by the terms of his Custodial Agreement with Equity, attached as Exhibit A to his Complaint.  See id.  Upon signing his name to the Custodial Agreement, Dr. Kloepper agreed in writing that Equity would act solely as a passive custodian and not as an investment advisor or in any other fiduciary capacity:

> We are acting ***solely as a passive custodian*** to hold IRA assets and ***we have no discretion to direct any investment in your IRA***.  Accordingly, we are not a fiduciary with respect to your IRA account . . . . ***We do not offer any investment advice***, nor do we endorse any investment, investment product or investment strategy; and we do not endorse any investment advisor, representative, broker, or other party selected by you.

See Custodial Agreement at §8.05(b) (emphasis added), attached as Ex. A. to the Complaint.  Plaintiff further agreed, in writing, that:

> This Agreement is subject to all applicable federal laws and regulations and shall be governed by and construed under the applicable laws of the State of Ohio . . .
>
> ***Any suit filed against custodian*** [Equity] ***shall only be instituted in the county courts of Lorain County, Ohio*** where custodian maintains its principal office ***and you agree to submit to such***

2

> *jurisdiction* both in connection with any such suit you may file and in connection with any suit which we may file against you.

Id. at §8.15 (emphasis added).

The gravamen of Dr. Kloepper's Complaint is that Equity should be liable for the losses which he suffered on the investments he chose to make with FRM. However, when Dr. Kloepper made these investments he again agreed in writing that:

> *Any suit filed against Custodian* [Equity] arising out of or in connection with its role as custodian of the undersigned's Retirement Account **shall only be instituted in the courts of Lorain County, Ohio**; and the undersigned agrees to submit to such jurisdiction.

Direction of Investment ("DOI") form, at pg.5, ¶15, attached as Ex. B to the Complaint (emphasis added). In fact, Dr. Kloepper agreed to the foregoing language not just in the one Direction of Investment Form he attached to his complaint, but in *twenty-nine* separate Direction of Investment Forms. *See* Bartlett Dec. at ¶6. Thus, Dr. Kloepper agreed *on thirty separate occasions* to bring any action relating to his account with Equity only in the courts of Lorain County, Ohio.

Dr. Kloepper has sued Equity in this Court, contrary to the express venue provision contained in the Custodial Agreement and the Direction of Investment form he signed. The venue provisions in those agreements clearly mandate that any suit brought against Equity in connection with the customers' IRAs is to be instituted only in Lorain County, Ohio. See Agreement at §8.15 (Ex. A to the Plaintiff's Complaint); see also Direction of Investment Forms at p.5, ¶15 (Ex. B to Complaint). Equity now moves to enforce those provisions.

III. <u>**STANDARD OF REVIEW**</u>

The Supreme Court of the United States has held that forum selection clauses "should control absent a strong showing that [they] should be set aside." *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587, 591 (1991). As the Sixth Circuit has explained, "the use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).

In determining whether to dismiss this action pursuant to Fed. R. Civ. P. 12(b), the Court need only determine "(1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is applicable to the matter at hand." *Villanueva v. Barcroft*, No. 1:10-CV-01488, 2011 WL 4630770, 4 (N.D.Ohio, Sept. 30, 2011). Here, because both forum selection clauses to which Dr. Kloepper agreed are enforceable and because they clearly govern the subject matter of this suit, this Court should dismiss this action, pursuant to Fed. R. Civ. P. 12(b).[1]

IV. <u>**ARGUMENT**</u>

A. <u>**The forum selection clauses are enforceable.**</u>

In evaluating the enforceability of a forum selection clause, the Sixth Circuit has instructed the Court to look to the following three factors:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the

---

[1] The law is clear that a forum-selection clause should be enforced, and that suits filed in the wrong venue should be dismissed. However, it is not clear whether FRCP 12(b)(3) is the correct vehicle to accomplish this. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 833–34 (6th Cir. 2009) (affirming the district court's refusal to dismiss based on forum selection clause on a motion under Fed. R. Civ. P. 12(b)(3) but nonetheless affirming dismissal of that action based on an exclusive forum-selection clause). Hence, this motion is made pursuant to Rule 12(b) generally. *See also Sec. Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374–76 (6th Cir.1999) (affirming the district court's dismissal pursuant to an unspecified subsection of Fed. R. Civ. P. 12(b) to enforce a forum-selection clause).

> designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*See Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir.2009). Notably, "[t]he party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.*

### 1. The forum selection clauses were not obtained by fraud, duress, or other unconscionable means.

Dr. Kloepper cannot show that the forum selection clauses to which he agreed were obtained by fraud, duress, or other unconscionable means. Indeed, although Dr. Kloepper asserts generalized claims of misrepresentation, the Sixth Circuit has stated that "when a contract contains a forum selection clause, a distinction must be made between fraud in the inducement of the agreement [as to the forum selection clause] and allegations of fraud concerning the contract as a whole." *Arnold v. Arnold Corp.-Printed Communications For Bus.*, 920 F.2d 1269, 1277–78 (6th Cir.1990) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967)); *see also Wm. R. Hague, Inc. v. Sandburg*, 468 F. Supp. 952, 960-61 (S.D. Ohio 2006) (refusing to void forum selection clause based on claim that objecting party was generally defrauded in entering into the transaction at issue because objecting party had to show that he was defrauded specifically regarding the forum selection provision). Thus, Dr. Kloepper must show that he was defrauded specifically with regard to the forum selection clause in order to avoid it. Given that Dr. Kloepper agreed not once, but ***thirty times*** to the exclusive jurisdiction of the courts of Lorain County, Ohio, that is a showing he simply will be unable to make.

### 2. **The courts in Lorain County, Ohio would effectively and fairly handle this suit.**

With respect to *Wong*'s second factor, Dr. Kloepper must show that the identified forum would ineffectively or unfairly handle this suit. *See* 589 F.3d at 829. At this stage, there is simply no reason to believe that the Court of Common Pleas in Lorain County would ineffectively or unfairly handle Dr. Kloepper's case. Indeed, federal courts have held, repeatedly, that state courts are entirely capable of handling matters that are within their jurisdiction. *See*, *e.g.*, *Middlesex County Ethics Comm.* v. *Garden State Bar Assn.*, 457 US 423, 432 (1982) (explaining that basic principles of comity demand that federal courts regard state courts as adequate forums to protect the interests of litigants). Thus, state court is an adequate forum, especially when Dr. Kloepper is bound to litigate this case in Lorain County under the terms of the two separate forum selection clauses to which he agreed.

### 3. **The Lorain County courts would not seriously inconvenience Dr. Kloepper such that making him bring suit there would be unjust.**

Requiring Dr. Kloepper to pursue his claims against Equity in the courts of Lorain County would not so gravely inconvenience him as to make this Court's enforcement of the voluntary, pre-suit forum selection clause unjust. *See Wong*, 589 F.3d at 829 (citing *Preferred Capital, Inc. v. Assocs. of Urology*, 453 F.3d 718, 722–23 (6th Cir.2006)). A court's finding in this regard "must be based on more than mere inconvenience of the party seeking to avoid the clause." *See Wong*, 589 F.3d at 829. Instead, Dr. Kloepper will have to argue that his access to sources of proof will be frustrated or that mandatory service of process upon unwilling witnesses will be eliminated. *See id.* It bears noting in this regard that Dr. Kloepper has Ohio counsel in this matter and that, by filing this case here in the Northern District, he has already conceded that a court in the State of Ohio has the necessary scope of process available to it in order to

6

efficiently proceed in this suit. Thus, Dr. Kloepper cannot argue that forcing him to move this case from federal district court in Cleveland to state court in Lorain would somehow frustrate progress in the litigation, let alone unjustly prejudice him.

### B. The forum selection clauses clearly apply to the Plaintiff's claims.

The voluntary, enforceable, pre-suit forum selection clauses at issue here cover all of Dr. Kloepper's claims in this case. Specifically, one of the clauses provides that:

> ***Any suit filed against Custodian*** [Equity] ***arising out of or in connection with its role as custodian of the undersigned's Retirement Account*** shall only be instituted in the courts of Lorain County, Ohio.

Direction of Investment ("DOI") form, at pg.5, ¶15, attached as Ex. B to Plaintiff's Complaint (emphasis added). The second clause is even broader and mandates that "***[a]ny suit filed against custodian*** [Equity] shall only be instituted in the county courts of Lorain County, Ohio." Custodial Agreement at §8.15, attached as Ex. A. to Plaintiff's Complaint. (emphasis added). Here, each of Dr. Kloepper's claims directly relates to Equity's role as the passive custodian of Dr. Kloepper's self-directed IRA, and therefore there is no question that those claims are governed by the forum selection clauses to which Dr. Kloepper agreed in writing, thirty separate times, in advance of this litigation.

## V. CONCLUSION

For the forgoing reasons, Defendant Equity Trust Company respectfully asks this Court to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b).

Respectfully submitted,

*/s/ Isaac Eddington*
Kenneth A. Bravo (0014274)
Isaac J. Eddington (0072966)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
Fax: (216) 583-7001
kbravo@ulmer.com
ieddington@ulmer.com

*Attorneys for Defendant Equity Trust Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2012, a copy of Equity Trust Company's *Memorandum in Support of Motion to Dismiss for Improper Venue* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                          */s/ Isaac Eddington*
                                                          *One of the Attorneys for Defendant Equity Trust Company*