**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAYMOND P. KLOEPPER, II, et al.,** | ) | **CASE NO.1:11CV2527** |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **EQUITY TRUST COMPANY,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant's Motion to Dismiss for Improper Venue (ECF #5). Plaintiffs filed a Brief in Opposition to Defendant's Motion to Dismiss for Improper Venue (ECF #10). Defendant filed a Reply in Support of Motion to Dismiss for Improper Venue (ECF #11). For the following reasons, the Court grants Defendant's Motion and dismisses Plaintiffs' Complaint.

**FACTS**

On November 21, 2011, Dr. Kloepper, a board-certified anesthesiologist, filed the

1

present lawsuit in this Court against Equity, whose business it serve's as a passive custodian of self-directed Individual Retirement Accounts ("IRAs").  Equity is a South Dakota trust company with its principal place of business in Lorain County, Ohio. Plaintiff opened his account with Equity Trust on August 22, 2006.  He then funded his new self-directed IRA mainly by rolling over his entire life savings of more than $1,000,000 from his traditional IRA account at Charles Schwab.  Between September 2006 and September 2009, Plaintiff made more than twenty further investments from his IRA at Equity Trust.

By the end of 2009, Plaintiff's investments had lost considerable value.  Plaintiff filed this case against Equity Trust on November 21, 2011, asserting seven claims: (1) breach of fiduciary duty; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of contract; (5) sale in violation of Ohio securities laws; (6) breach of implied contract and bailment; and (7) unjust enrichment.  Defendant asserts that this lawsuit should be dismissed based on the express venue provision contained in the Custodial Agreement and the Direction of Investment form Plaintiff signed.

## **STANDARD OF REVIEW**

The Supreme Court of the United States has held that forum selection clauses "should control absent a strong showing that [they] should be set aside." *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587, 591 (1991).  As the Sixth Circuit has explained, "the use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).  In determining whether to dismiss this action pursuant to Fed. R. Civ. P. 12(b), the Court need only

determine "(1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is applicable to the matter at hand." *Villanueva v. Barcroft*, No. 1:10-CV-01488, 2011 WL 4630770, 4 (N.D.Ohio, Sept. 30, 2011).

## ANALYSIS

In evaluating the enforceability of a forum selection clause, the Sixth Circuit has instructed the Court to look to the following three factors:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*See Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir.2009). Notably, "[t]he party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.*

Plaintiff's self-directed IRA with Equity is governed by the terms of his Custodial Agreement with Equity. Upon signing his name to the Custodial Agreement, Plaintiff agreed in writing that Equity would act solely as a passive custodian and not as an investment advisor or in any other fiduciary capacity. Plaintiff's signed Custodial Agreement further states that any suit filed against Equity as custodian, shall only be instituted in the county courts of Lorain County, Ohio. (Ex. A to Plaintiff's Complaint at ¶ 8.15 and Ex. B to Plaintiff's Complaint at ¶15). Plaintiff agreed to submit to such jurisdiction, both in connection with any such suit he may file, and in connection with any suit which they might file against him. Plaintiff does not dispute the fact that he agreed to the choice of forum by signing his name on thirty separate occasions.

In Plaintiff's Brief in Opposition, he contends that the Custodial Agreement form is unconscionable in part because it does not state why such a forum selection clause is necessary or reasonable.  However, Defendant is not required to state a reason for such a clause.

If Plaintiff is claiming fraud, he must show that he was defrauded specifically with regard to the forum selection clause.  The Sixth Circuit has stated that "when a contract contains a forum selection clause, a distinction must be made between fraud in the inducement of the agreement [as to the forum selection clause] and allegations of fraud concerning the contract as a whole." *Arnold v. Arnold Corp.-Printed Communications For Bus.*, 920 F.2d 1269, 1277–78 (6th Cir.1990) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967)); *see also Wm. R. Hague, Inc. v. Sandburg*, 468 F. Supp. 952, 960-61 (S.D. Ohio 2006) (refusing to void forum selection clause based on claim that objecting party was generally defrauded in entering into the transaction at issue because objecting party had to show that he was defrauded specifically regarding the forum selection provision).

Plaintiff is educated and competent to understand the meaning of the forum selection clause. He certainly had the choice on any one of the thirty occasions that he signed the form to refuse to participate.  Plaintiff argues that the forum selection clause in this case is unconscionable.  For a contractual provision to be deemed unconscionable, it must be both substantively unconscionable, where "the contract terms are so unfair to one party that their enforcement would be unreasonable," and procedurally unconscionable, where "there was an absence of meaningful choice or understanding of the terms on the part of one party*." Boyd v. Allied Home Mortg.*

*Capital Corp.*, 523 F.Supp.2d 650, 657 (N.D. Ohio 2007).  Plaintiff allegedly lost a considerable amount of money from his investments with Defendant, but has not shown how litigating in the clause's designated forum would affect his ability to have a fair resolution in the state court.  Nor has Plaintiff demonstrated that the boilerplate agreement placed him in an inequitably inferior position vis-a-vis Defendant company.  In light of his age, intelligence, and experience, Plaintiff is held to understand the import of what he signs.

Plaintiff has failed to establish that Defendant included the forum selection clause in order to defraud its clients.  Plaintiff has failed to establish that he was not capable of understanding the terms of the clause.  Additionally, Plaintiff has failed to establish that the Lorain County courts are incapable of handling this lawsuit.  Also, Plaintiff cannot claim that litigating this case in Lorain County would be an unfair inconvenience as this court and the Lorain court are in close proximity to each other.

In his Brief in Opposition, Plaintiff contends that the only permissible means to move to dismiss this action asserting the forum selection clause, is pursuant to the doctrine of *forum non conveniens*.  Defendant asserts that the Sixth Circuit has instead held simply that a district court has discretion to consider the *forum non conveniens* doctrine even if a moving party seeks dismissal under an incorrect sub-part of Fed. R. Civ. P. 12(b). *See Wong*, 589 F.3d at 833-834; *see also Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (holding forum selection clause enforceable but remanding to permit defendant to move to enforce the clause pursuant to, *e.g.*, Fed. R. Civ. P. 12(b)(6)); *C. Thorrez Indus., Inc. v. LuK Transmissions Systems, LLC,* No. 5:09-cv-01986, 2010 WL 1434326 (N.D. Ohio April 8, 2010) (recognizing that

there is some disagreement among the federal courts regarding the most appropriate vehicle for seeking dismissal based on a forum selection clause, but dismissing the entire action on a motion pursuant to Fed. R. Civ. P. 12(b)(6)).

The Court finds that since Plaintiff has failed to provide a basis on which the Court should decline to enforce the freely agreed-to forum selection clause, it is appropriate to consider the instant Motion to Dismiss for Improper Venue. "[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *See Wong*, 589 F.3d at 833-834 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir.1995)). The Court agrees with Defendant that forum selection clauses are presumptively valid under federal law; and the Sixth Circuit has approved the use of pre-answer motions to dismiss as a vehicle to enforce such clauses. Because Dr. Kloepper has admitted that he expressly agreed to the forum selection clause at issue in this case, and certainly had the capacity to understand it, the Court grants Equity Trust Company's Motion to Dismiss for Improper Venue and dismisses the Complaint without prejudice.

IT IS SO ORDERED.

Date: 6/1/2012

 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge